UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HITCHCOCK INDEPENDENT SCHOOL DISTRICT (HISD) | § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No: 3:19-CV-198 |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA; INDIAN HARBOR INSURANCE COMPANY; STEADFAST INSURANCE COMPANY; INTERNATIONAL INSURANCE COMPANY OF HANNOVER; LEXINGTON INSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; UNITED SPECIALTY INSURANCE COMPANY; PRINCETON EXCESS & SURPLUS INSURANCE COMPANY; TOM MCCARTNEY; and TAUN PAREEK | § § § § § § § § § § § § § § § § | |
| Defendants | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Certain Underwriters at Lloyd's, London ("Certain Underwriters"); General Security Indemnity Company of Arizona ("GSI"); Indian Harbor Insurance Company ("Indian Harbor"); Steadfast Insurance Company ("Steadfast"); International Insurance Company of Hannover ("Hannover"); Lexington Insurance Company ("Lexington"); QBE Specialty Insurance Company ("QBE"); United Specialty Insurance ("USI"); The Princeton Excess and Surplus Lines Insurance Company ("Princeton")

(collectively, the "Underwriters"); and Tom McCartney and Tarun Pareek (collectively with the Underwriters, "Defendants") hereby exercise their right pursuant to 28 U.S.C. § 1441 and 9 U.S.C. §§ 203, 205 to remove this action from the 405th Judicial District Court of Galveston County, Texas. In support of their Notice of Removal, Defendants show as follows:

## I. INTRODUCTION

1.      Plaintiff Hitchcock Independent School District ("Hitchcock ISD" or "Plaintiff") filed suit against Defendants in Galveston County, Texas on May 17, 2019, in a lawsuit styled Cause No. 19-CV-0928; *Hitchcock Independent School District v. Certain Underwriters at Lloyd's, London; General Security Indemnity Company of Arizona; Indian Harbor Insurance Company; Steadfast Insurance Company; International Insurance Company of Hannover; Lexington Insurance Company; QBE Specialty Insurance Company; United Specialty Insurance Company; Princeton Excess and Surplus Lines Insurance Company; Tom McCartney; and Tarun Pareek* (the "State Court Lawsuit").

2.      The State Court Lawsuit arises from an insurance claim and Plaintiff's allegations of breach of an insurance contract related to property insurance coverage. Specifically, the Underwriters provide insurance to Plaintiff for coverage to specified real property, subject to certain terms, conditions, limitations, and exclusions.

3.      In removing the State Court Lawsuit, Defendants specifically preserve and do not waive any affirmative defenses. Defendants also specifically preserve and give notice of their right to seek dismissal and to compel arbitration of this dispute. Defendants

give further notice that they will be filing a motion seeking arbitration subsequent to the removal of this cause.

4.      Pursuant to Local Rule ("LR") 81 of the Southern District of Texas, Defendants are filing with this Notice of Removal the following:

1.   All executed process in the case;

2.   Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

3.   All orders signed by the state judge (none);

4.   The docket sheet;

5.   An index of matters being filed; and

6.   A list of all counsel of record, including addresses, telephone numbers, and parties represented.

## II.  BASIS FOR REMOVAL

5.      Removal is supported by federal question under 28 U.S.C. § 1441. *See* 9 U.S.C. §§ 203, 205.

### Removal Under the Convention

6.      There is a valid arbitration agreement between the Underwriters and Plaintiff that falls under the Convention on Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"); accordingly, this Court has original jurisdiction pursuant to 9 U.S.C. §§ 202, 203. Accordingly, removal to federal court is appropriate pursuant to 9 U.S.C. § 205.

7.     The insurance policy sued upon provides for arbitration as follows:

**SECTION VII – CONDITIONS**

\* \* \*

C. ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days or [sic] receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred.

Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

All costs of the Arbitration shall be in the discretion of the Arbitration Tribunal who may direct to and by whom and in what manner they shall be paid.

The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature.

The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

8.      "The Convention is an international treaty that provides citizens of signatory countries with the right to enforce arbitration agreements." *Port Cargo Serv., LLC v. Certain Underwriters at Lloyd's London*, CV 18-6192, 2018 WL 4042874 at *3 (E.D. La. Aug. 24, 2018). "The United States, Germany, and the United Kingdom of Great Britain and Northern Ireland are signatories to the Convention." *Id.*

9.      The Convention identifies which arbitration agreements are subject to the Convention. Article II states, in pertinent part, as follows:

1.      Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.

2.      The term 'agreement in writing' shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS art. II (1-2), T.I.A.S. No. 6997, 21 U.S.T. 2517 (U.S. Treaty Dec. 29, 1970).

10.     The United States Congress enacted the Convention Act, which is Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208, "to establish procedures for our courts to implement the Convention." *Port Cargo* at *3 (citing *McDermott Int'l, Inc.* v. *Lloyd's Underwriters of London,* 944 F.2d 1199, 1208 (5th Cir. 1991).[1]

11.     The Convention Act provides:

> **An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention.** An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202 (emphasis added). The Convention Act provides further that:

> **An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States**. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have **original jurisdiction** over such an action or proceeding, regardless of the amount in controversy.

9 U.S.C. § 203 (emphasis added). Finally, the Convention Act permits removal of an action falling under the Convention:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before

---

[1] "The Convention Act incorporates the FAA except where the FAA conflicts with the Convention Act's few specific provisions." *McDermott Int'l, Inc.* v. *Lloyd's Underwriters of London,* 944 F.2d 1199, 1208 (5th Cir. 1991) (citing 9 U.S.C. § 208).

the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205.

12.     The reasoning in the *Port Cargo* case is persuasive:

The Supreme Court of the United States has explained that, '[t]he goal of the [C]onvention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries.'

*Port Cargo* at *3 (quoting *Scherk* v. *Alberto-Culver Co.,* 417 U.S. 506, 520 n. 15 (1974)).

13.     The Underwriters in this case are the same as those before the *Port Cargo* court, which held that the federal district court had original subject-matter jurisdiction over the domestic plaintiff's claims against foreign and domestic insurers because the arbitration provision is subject to the Convention. *Port Cargo*, at *8. (E.D. La. Aug. 24, 2018). The arbitration provision in the *Port Cargo* case appears to be similar, if not identical, to the arbitration clause in this case. *See Port Cargo* at *2.

14.     The Fifth Circuit has routinely acknowledged that arbitration provisions such as the one in this suit fall under the Convention and are removable to federal court pursuant to the Convention Act. *See McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199 (5th Cir. 1991); *Acosta v. Master Maint. and Constr. Inc.*, 452 F.3d 373, 376-79 (5th Cir. 2006); *Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir. 2002).

15.     In this regard, arbitration in this case should be ordered (following Defendants' filing of their Motion to Compel Arbitration) pursuant to the Convention and

Convention Act; further supporting this Notice of Removal based on federal question jurisdiction. Citing the Fifth Circuit, the Northern District of Texas has stated that:

> The Convention contemplates a very limited inquiry by a court when considering a motion to compel arbitration. If the following facts exist, the convention requires the district court to order arbitration:
>
> (1)    There is an agreement in writing to arbitrate the dispute;
> (2)    The agreement provides for arbitration in the territory of a convention signatory;
> (3)    The agreement to arbitrate arises out of a commercial legal relationship; and
> (4)    There is a party to the agreement who is not an American citizen.

*Acme Brick Co. v. Agrupacion Exportadora de Maquinaria Ceramica*, 855 F. Supp. 163, 166–67 (N.D. Tex. 1994) (citing *Sedco v. Petroleos Mexicanos Nat'l Oil,* 767 F.2d 1140, 1144–45 (5th Cir.1985)); *see also Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004).

16.    This lawsuit involves a commercial dispute under a written agreement that includes a valid arbitration agreement. The arbitration clause calls for the seat of arbitration to be in the United States, specifically New York state. The United States is a signatory to the Convention.

17.    As was determined in *Port Cargo*, Hannover is a citizen of Germany. *Port Cargo* at *1. In this case, Hannover is a party to the insurance policy and arbitration agreement, and a named Defendant. Hannover is not a citizen or resident of any state within the United States. Hannover is organized and registered under the laws of Germany and

maintains its principal place of business in Hannover, Germany. Germany is a signatory to the Convention.

18.    Similarly, Certain Underwriters was held to be a citizen of the United Kingdom of Great Britain and Northern Ireland. *Port Cargo* at *1. In this case, Certain Underwriters is comprised of the following:[2]

- QBE Syndicate 1063 – an unincorporated association, headquartered in London, England, with members who are registered in England;

- QBE Syndicate 1042 – an unincorporated association, headquartered in London, England, with members who are registered in England;

- Kiln Syndicate 510 – an unincorporated association, the managing agent of which is Tokio Marine Kiln Syndicates Limited, which is registered in England and Wales, and the majority corporate member is Tokio Marine Kiln Group Limited, registered in England and Wales, which has its principal place of business in London, England;

- Hiscox Syndicate 1139 – an unincorporated association headquartered in London, England, with members who are registered in England.

The United Kingdom of Great Britain and Northern Ireland is a signatory to the Convention.

19.    As such, the elements necessary to compel arbitration, including establishing that the arbitration provision at issue is subject to the Convention, are satisfied and this case is properly removable to federal court.

---

[2] This is not a complete list of the Underwriters participating in the insurance policy but shows the extent to which the entities are citizens of countries other than the United States. It is understood that the remainder of the participating Underwriters are primarily comprised of citizens of countries other than the United States.

<u>Timeliness</u>

20.     Additionally, removal is timely. Section 205 of the Convention Act expressly

states:

> Where the subject matter of an action or proceeding pending in a State
> court relates to an arbitration agreement or award falling under the
> Convention, the defendant or the defendants may, **at any time before
> the trial thereof**, remove such action or proceeding to the district
> court of the United States for the district and division embracing the
> place where the action is proceeding or pending.

9 U.S.C. § 205 (emphasis added).

21.     "When discussing the provisions of § 205, the Fifth Circuit has said that:

Under § 1441(d), a defendant may remove 'at any time for cause shown,' and under § 205,

a defendant may remove 'at any time before the trial.'" *Acme Brick*, 855 F. Supp. at 166

(quoting *McDermott Int'l,* 944 F.2d at 1212 (5th Circuit). As such, removal is timely in

this case because trial has not occurred.

<u>Proper Court</u>

22.     The State Court Lawsuit is properly removed under the Convention to the

Southern District of Texas – Galveston Division, as the district embracing the 405th

District Court of Galveston County, Texas.

<u>Consent</u>

23.     This cause has been removed by all Defendants, through undersigned

counsel.

<u>Notice to Others</u>

24.     In accordance with 28 U.S.C. § 1446(d) and 9 U.S.C. § 205, Defendants will promptly give notice to all parties in writing and shall file a copy of the notice of removal with the Clerk of the state court.

## III. CONCLUSION

25.     Defendants remove this action to the United States District Court for the Southern District of Texas – Galveston Division pursuant to 28 U.S.C. §§ 1441, 1446 and 9 U.S.C. §§ 202, 203, 205.

26.     Defendants respectfully request that this Court take jurisdiction in this civil action to its conclusion to the exclusion of any further proceedings in the State Court in accordance with federal law.

WHEREFORE, Defendants Certain Underwriters, GSI, Indian Harbor, Steadfast, Hannover, Lexington, QBE, USI, Princeton, Tom McCartney, and Tarun Pareek respectfully request that this Court remove this action from the 405th Judicial District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division.

Respectfully submitted,


By: /s/ *Raymond Gregory*

    Raymond L. Gregory II
    State Bar No. 08438275
    S.D. Texas Bar No. 12879
    rlg2@egglestonbriscoe.com

EGGLESTON & BRISCOE, LLP
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 - Telephone
(713) 951-9920 – Facsimile

ATTORNEY FOR DEFENDANTS


OF COUNSEL:

William J. Eggleston
State Bar No. 06483500
Southern District of Texas Bar No. 1989
wje@egglestonbriscoe.com

John Michael Raborn
State Bar No. 24057364
Southern District of Texas Bar No. 940054
jmr@egglestonbriscoe.com

EGGLESTON & BRISCOE, LLP
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 - Telephone
(713) 951-9920 – Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 17, 2019, a true and correct copy of the foregoing was forwarded to all counsel of record, including those listed below, via the CM/ECF System and/or any proper method of service allowed by the Federal Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to in writing by the parties:

Shaun Hodge
The Hodge Law Firm, PLLC
2211 Strand, Suite 302
Galveston, Texas 77550
(409) 763-2300 - Fax


<u>/s/</u> *John Michael Raborn*

John Michael Raborn