United States District Court
Southern District of Texas
**ENTERED**
October 11, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HITCHCOCK INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 3:19–CV–00198 |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ET AL., | § § § | |
| Defendants. | § § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Plaintiff's Motion to Remand Certain Removed Claims ("Motion to Remand") is pending before me. *See* Dkt. 19. After careful consideration of the motion, response, and applicable law, I **RECOMMEND** that the Motion to Remand be **DENIED**.

## BACKGROUND

Plaintiff Hitchcock Independent School District ("HISD") is an independent school district organized and operated under the laws of the State of Texas. HISD owns various properties that it alleges were damaged by water intrusion, wind, and/or flooding as a result of Hurricane Harvey, one of the most costly and devastating storms ever to hit the Texas Gulf Coast. After the storm, HISD approached the nine insurance companies that had agreed to insure the properties and demanded compensation for the damages allegedly incurred. In this lawsuit, HISD contends that the insurance companies "failed to perform

[their] contractual duties to adequately compensate [HISD] under the terms of the Policies." Dkt. 1-3 at 8.

The insurance at issue in this case is property coverage to which all the defendant insurers subscribe with varying levels of participation. Each of the insurance companies is assigned a "certificate" or "policy" number that serves as a reference to the respective insurance company's share of the insurance coverage. Although there are nine such numbers, there is only one umbrella document that constitutes the insurance policy. The policy contains the following arbitration clause:

> All matters in difference between the Insured and the companies . . . in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration tribunal in the manner hereinafter set out.
>
> . . . .
>
> The seat of the Arbitration shall be in New York and the Arbitration tribunal shall apply the law of New York as the proper law of this insurance.

Dkt. 19-1 at 38–39.

Two of the defendants—Certain Underwriters at Lloyd's, London ("Certain Underwriters") and HDI Global Specialty SE f/k/a International Insurance Company of Hannover SE ("Hannover")[1]—are foreign insurance companies. The remaining defendants include seven domestic insurers and two individuals who are Texas residents. The seven domestic insurers are: General Security Indemnity Company of Arizona, Indian Harbor Insurance Company, Steadfast Insurance Company, Lexington Insurance

---

[1] The parties have submitted a stipulation to correct the names of certain defendants. *See* Dkt. 30.

Company, QBE Specialty Insurance Company, United Specialty Insurance, and Princeton Excess and Surplus Lines Insurance Company.  The individuals are Tom McCartney, an adjuster, and Tarun Pareek, an engineer.  They were involved in adjusting the insurance claim and allegedly made numerous misrepresentations to HISD with the intent to deceive HISD and underpay the claim.

This lawsuit was originally filed in the 405th Judicial District Court of Galveston County, Texas.  Defendants timely removed the case to the United States District Court of the Southern District of Texas (Galveston Division).  Defendants contend that removal was based on a valid arbitration clause falling under the Convention on Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), giving the district court original jurisdiction under 9 U.S.C. §§ 203, 205.

## ANALYSIS

The Convention is an international treaty that requires courts of contracting states to give effect to private agreements to arbitrate and to recognize and enforce arbitration awards made in other contracting states.  As of today, there are 161 signatories to the Convention, including the United States.

The requirements of the Convention were incorporated into federal law in Chapter 2 of the Federal Arbitration Act, which directs United States courts to enforce the Convention. 9 U.S.C. § 201, *et seq.* ("Convention Act").

> The goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries.

3

*Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974).

Section 203 of the Convention Act grants original jurisdiction to the district courts of "[a]n action or proceeding falling under the Convention."  9 U.S.C. § 203.  Section 205 of the Convention Act specifically addresses removal:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205.

The procedure for removal under Section 205 is guided by ordinary removal law, "except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal."  9 U.S.C. § 205.  "This language does create one difference between federal question jurisdiction conferred by § 205 and most other forms of federal question jurisdiction: it permits removal on the basis of a federal defense," thus allowing courts "to determine whether a defendant's defense arises under federal law from the 'petition for removal' alone."  *Beiser v. Weyler*, 284 F.3d 665, 671 (5th Cir. 2002).

In granting the federal courts jurisdiction over Convention cases, Congress "added one of the broadest removal provisions, § 205, in the statute books."  *Acosta v. Master Maint. and Constr. Inc.*, 452 F.3d 373, 377 (5th Cir. 2006).  "So generous is the removal provision that [the Fifth Circuit has] emphasized that the general rule of construing removal statutes strictly against removal 'cannot apply to Convention Act cases because in these

instances, Congress created special removal rights to channel cases into federal court.'" *Id.* (quoting *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1213 (5th Cir. 1991)).

Given the express language of Section 205, a defendant seeking to remove a case under the statute must show that (1) the arbitration agreement falls under the Convention; and (2) the dispute relates to the arbitration agreement. *See* 9 U.S.C. § 205.

An agreement "falls under" the Convention if (1) there is a written agreement to arbitrate the dispute; (2) the agreement provides for arbitration in the territory of a Convention signatory; (3) the agreement to arbitrate must arise out of a commercial legal relationship; and (4) at least one party to the agreement is an American citizen. *See Stemcor USA Inc. v. CIA Siderurgica do Para Cosipar*, 927 F.3d 906, 909–10 (5th Cir. 2019).

When it comes time to determine whether a dispute "relates to" an arbitration agreement, the Fifth Circuit has emphatically given a broad reading to the phrase "relates to." *See Beiser*, 284 F.3d at 669. In *Beiser*, the Fifth Circuit held that the "relates to" standard is satisfied when a lawsuit "at least has a 'connection with' the [arbitration agreement] governing the transaction out of which [the] claims arise." *Id.*

> Similarly, whenever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement "relates to" to [sic] the plaintiff's suit. Thus, the district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of 'relates to.'

*Id.*

5

"In allowing removal whenever the arbitration clause could conceivably impact the disposition of the case, we make it easy, not hard, for defendants to remove." *Id.* at 674. "[T]he federal courts have recognized that the plain and expansive language of the removal statute embodies Congress's desire to provide the federal courts with broad jurisdiction over Convention Act cases in order to ensure reciprocal treatment of arbitration agreements by cosignatories of the Convention." *Acosta*, 452 F.3d at 376. *See also Beiser,* 284 F.3d at 674 (explaining that "[t]he low bar" for jurisdiction under § 205 "is exactly what Congress intended"); *McDermott Int'l*, 944 F.2d at 1209 ("Congress made it easy for defendants in state-filed Convention cases to remove to federal court"). Accordingly, "absent the rare frivolous petition for removal, as long as the defendant claims in its petition that an arbitration clause provides a defense, the district court will have jurisdiction to decide the merits of that claim." *Beiser,* 284 F.3d at 671–72.

"This procedure keeps the jurisdictional and merits inquiries separate and leaves until later the question whether the plaintiff can be forced into arbitration." *QPro, Inc. v. RTD Quality Servs. USA, Inc.*, 718 F. Supp. 2d 817, 821 (S.D. Tex. 2010). Once an action is removed under Section 205, "[t]he arbitrability of a dispute will ordinarily be the first issue the district court decides . . . . If the district court decides that the arbitration clause does not provide a defense, and no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court." *Beiser,* 284 F.3d at 675. *See also Realty Tr. Grp. Inc. v. Ace Am. Ins. Co.*, No. 1:07CV73-HSO-JMR, 2007 WL 4365352, at *6 (S.D. Miss. Dec. 11, 2007) (once a court determines that claims are not arbitrable under

the Convention, the court should determine whether it is appropriate to exercise supplemental jurisdiction or simply remand the claims to state court).

HISD does not dispute that its claims against Certain Underwriters and Hannover arise under the Convention Act, were removable, and come within my original jurisdiction conferred by Section 203.   However, HISD argues that the claims against the seven domestic insurers and the two individuals are not subject to an arbitration clause under the Convention, and thus, I do not have original jurisdiction over those claims pursuant to Section 205.

Given the well-established standard for removability under Section 205, the determination of whether this case was properly removed to federal court is an easy one. As a federal district court in the Eastern District of Louisiana observed last year in a case involving the same insurers and the same umbrella document and policies at issue here:

> Plaintiffs raise coverage dispute claims against all of the insurers. The arbitration provision in the policy, which undisputedly falls under the Convention as to Hannover and Certain Underwriters, specifies the forum for resolving coverage disputes. Therefore, plaintiffs' claims against the domestic insurers "relate to" the arbitration clause and were removable under the Convention Act, considering that "easy removal is exactly what Congress intended in § 205."

*Port Cargo Serv., LLC v. Certain Underwriters at Lloyd's London*, No. 18-6192, 2018 WL 4042874, at *5 (E.D. La. Aug. 24, 2018) (quoting *Beiser*, 284 F.3d at 674).   It is completely irrelevant to the remand analysis that this lawsuit involves individuals who were not signatories to the arbitration agreement.   Indeed, the Fifth Circuit has expressly held that a lawsuit involving a party that was a non-signatory to an arbitration agreement may nevertheless "relate to" the arbitration agreement.   *See Beiser*, 284 F.3d at 669.   "Even if

plaintiff establishes that he cannot ultimately be forced into arbitration with the non-signatories, plaintiff's suit 'at least has a "connection with"' the [agreement] containing an arbitration agreement" and is, therefore, removable under the Convention. *Francisco v. Stolt-Nirlsen, S.A.*, No. 02-2231, 2002 WL 31697700, at \*3 (E.D. La. Dec. 3, 2002) (quoting *Beiser*, 284 F.3d at 669).

My determination that removal was proper in this case does not, of course, resolve the ultimate question as to whether the Convention requires me to compel arbitration. "Once this action was removed under § 205, [I] gained jurisdiction to determine whether plaintiffs' claims against the foreign and domestic insurers [and the individuals] are subject to the Convention." *Port Cargo Serv.,* 2018 WL 4042874, at \*5.

In a separate forthcoming Memorandum and Recommendation, I will analyze whether the claims raised in this lawsuit against the various defendants are subject to arbitration pursuant to the Convention. I invite the parties to submit supplemental legal authority to me by Friday, November 1, 2019, addressing whether a district court may compel arbitration under state law when a case has been removed to federal court under Section 205 of the Convention.

## CONCLUSION

For the reasons stated above, I **RECOMMEND** that the Motion to Remand (Dkt. 19) be **DENIED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to

file written objections within the time period mentioned shall bar an aggrieved party from

attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 11th day of October, 2019.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE